## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>PATRICIA GRASTY | Chapter 13 |
| Debtor | Case No. 22-11209 MDC |
| v. | |
| WILMINGTON SAVINGS FUND<br>SOCIETY, FSB, AS TRUSTEE OF<br>DISCOVERY MORTGAGE LOAN<br>TRUST | |
| Movant | |
| v. | |
| PATRICIA GRASTY and<br>KENNETH E. WEST, ESQ., Trustee | |
| Respondents | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF DISCOVERY MORTGAGE LOAN TRUST ("Movant"), hereby moves, pursuant to 11 U.S.C. § 362, for an order granting relief from the automatic stay with respect to Debtor Patricia Grasty's ("Debtor") real property located at 1529 Saint James Place, Abington, PA 19001 (the "Property") , and in support thereof, states as follows:

### I.     INTRODUCTION

#### A.     The Loan

1.     Debtor commenced this bankruptcy case on May 10, 2022, by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

2.     Movant is the holder of a claim evidenced by a certain promissory note, which the Debtor executed and delivered or is otherwise obligated to pay in the original principal amount of

$114,999.00 (the "Note").  A copy of the Note is attached hereto as <u>EXHIBIT A</u>.

3.      Pursuant to that certain mortgage dated December 21, 2001, and recorded in the office of the county clerk of Montgomery County, Pennsylvania (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as <u>EXHIBIT B</u>.

4.      All rights and remedies under the Mortgage have been assigned to the Movant pursuant to an assignment of mortgage. A copy of the Assignment of Mortgage is attached hereto as <u>EXHIBIT C</u>.

5.      A copy of the Loan Modification dated December 9, 2011, is attached hereto as <u>EXHIBIT D</u>.

6.      Carrington Mortgage Services, LLC services the obligation evidenced by the Note. In the event the automatic stay is modified, this case is dismissed, and/or the Debtor obtains a discharge, foreclosure proceedings will commence/continue in the name of WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF DISCOVERY MORTGAGE LOAN TRUST (the "Noteholder").  Noteholder directly or through an agent, has possession of the promissory note (the "Note"), which is either made payable to Noteholder, or has been duly endorsed.  Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

**A.      <u>The Foreclosure Action, Judgment, and Prior Bankruptcy Cases</u>**

7.      On June 26, 2014, Movant or its predecessor (hereinafter, "Movant") filed a complaint in mortgage foreclosure as a result of Debtor's failure to make all payments required under the Note, which was docketed in the Court of Common Pleas for Montgomery County, Pennsylvania, as Case No. 2014-18922 (the "Foreclosure Action").  A copy of the Foreclosure

13-1756

Action docket report is attached as <u>EXHIBIT E</u>.

8.     On June 30, 2015, an *in rem* judgment was entered in favor of Movant and against Debtor in the Foreclosure Action (the "Foreclosure Judgment").  *See* FC Dckt. No. 18.

9.     On November 4, 2015, Movant filed a writ of execution in the Foreclosure Action, thereby scheduling a sheriff's sale for January 27, 2016.  *See* FC Dckt. No. 14.

### 1.     Debtor's First Bankruptcy Case

10.     On January 25, 2016, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, which was docketed as Case No. 16-10450 (the "First Bankruptcy Case").  *See* Bankr. Case. No. 16-10450, ECF No. 1.

11.     On August 4, 2016, this Court entered an Order dismissing the First Bankruptcy Case.  *See* Bankr. Case No. 16-10450, ECF No. 35.

### 2.     Debtor's Second Bankruptcy Case

12.     On September 27, 2016, Movant filed a second Writ of Execution in the Foreclosure Action, thereby scheduling a sheriff's sale for January 25, 2017, which was later adjourned to February 25, 2017.  *See* FC Dckt. No. 19, 22.

13.     On February 15, 2017, Debtor filed a second bankruptcy petition, which commenced the bankruptcy case docketed at Case No. 17-10480 (the "Second Bankruptcy Case"). *See* Bankr. Case. No. 18-10480, ECF No. 1.

14.     On April 7, 2017, Movant filed a Motion for Relief from Stay, which Movant and Debtor later agreed to settle by way of a stipulation that resulted in the withdrawal of the Motion on June 8, 2017. *See* Bankr. Case No.  17-10480, ECF No. 27, 35.

15.     On August 27, 2017, the Second Bankruptcy Case was dismissed as a result of Debtor's failure to make plan payments.  *See id.* at ECF No. 42.

13-1756

### 3.    Debtor's Third Bankruptcy Case

16.    On October 30, 2017, Movant filed a third Writ of Execution in the Foreclosure Action, which scheduled a sheriff's sale on January 31, 2018.  *See* FC Dckt. No. 29.

17.    On January 26, 2018, Debtor filed yet another bankruptcy petition, initiating her third bankruptcy case, which was docketed as Case No. 18-10480 (the "Third Bankruptcy Case"). *See* Bankr. Case. No. 18-10480, ECF 1.

18.    On March 2, 2018, Movant filed a Motion for Relief from Stay, which Movant and Debtor later agreed to resolve through a Stipulation (the "Stipulation"), which was approved by this Honorable Court on April 4, 2018.  *See* Bankr. Case No. Case No. 18-10480, ECF 28, 31.

19.    Debtor failed to comply with the terms of the Stipulation, and as a result, Movant filed a Certification of Default on December 18, 2018.  *See id.* at ECF 62.

20.    On January 3, 2019, the Court entered an order Granting Movant Prospective In Rem Relief from the Automatic Stay and Waiving FED R. Bankr. P. 3002.1 and 4001 (a)(3) (the "Order for Relief").  A copy of the Order for Relief is attached as <u>EXHIBIT F</u>.

### 4.    Debtor's Fourth Bankruptcy Case

21.    On January 22, 2019, Movant filed a fourth Writ of Execution in the Foreclosure Action, which scheduled a sheriff's sale on April 24, 2019.  *See* FC Dckt. No. 36.

22.    However, Movant and Debtor subsequently later entered into a Conditional Relief Order to resolve the default, which the Court approved on May 20, 2019.  *See* Case No. 18-10480, ECF 88.  A copy of the Conditional Relief Order is attached as <u>EXHIBIT G</u>.

23.    More specifically, the terms of the Conditional Relief Order permitted Debtor to file a new Chapter 13 case and reinstated the stay, on the condition that the Debtor remain current with the mortgage and Trustee payments, and provided that "if . . . the case should be dismissed,

13-1756

Movant may file an Affidavit of Default," which would automatically (1) vacate the Automatic

Stay, (2) reinstate the Court's Order for Relief, and (3) bar any further Bankruptcy filings by

Debtor (and/or preclude any party connected with the Debtor from placing a stay on the Property)

for a period of two (2) years from the date of the Order, pursuant to 11 U.S.C. § 362(d)(4).  *See*

Ex. G.

24.    On June 27, 2019, Debtor filed the petition commencing Bankruptcy Case No. 19-

14080, but again, Debtor failed to comply with the Parties' agreed terms, and on December 2,

2021, the Court entered an Order dismissing the case. A true and correct copy of the Dismissal

Order is attached hereto <u>EXHIBIT H</u>.

25.    On December 9, 2021, Movant filed an Affidavit of Default. A true and correct

copy of the Affidavit of Default is attached hereto <u>EXHIBIT I</u>.

A.    <u>**Debtor's Current Petition**</u>

26.    On April 8, 2022, Movant filed its fifth writ of execution in the Foreclosure Action,

thereby scheduling a sheriff's sale for July 27, 2022.  *See* FC Dckt No. 57.

27.    On May 10, 2022, Debtor commenced this case by filing her fifth bankruptcy

petition.  *See* ECF 1.

28.    While the Conditional Relief Order granted Movant in rem relief pursuant to 11

U.S.C. § 362(d)(4), more than two years have elapsed since the date of the Order's entry, and as

such, Movant is bringing this Motion to obtain relief from the stay and proceed with the scheduled

sheriff's sale.

29.    As of the Petition Date, Debtor was 48 payments in arrears under the Note and the

total pre-petition arrearage totaled $64,727.05, as detailed below:

13-1756

| Missed Payments | | | Total Payment Amt |
|---|---|---|---|
| 9 | @ | $1,358.86 (06/01/18–02/01/19) | $12,229.74 |
| 4 | @ | $1,492.34 (03/01/19–06/01/19) | $5,969.36 |
| 6 | @ | $1,334.09 (07/01/19–12/01/19) | $8,004.54 |
| 8 | @ | $1,334.17 (01/01/20–08/01/20) | $10,673.36 |
| 12 | @ | $1,329.00 (09/01/20–08/01/21) | $15,948.00 |
| 9 | @ | $1,322.45 (09/01/21–05/01/22) | $11,902.05 |
| **48** | | | **$64,727.05** |

30.     As of June 30, 2022, the outstanding balance due under the Note, less any partial payments or suspense balance is $179,418.81.

31.     The estimated market value of the property is $210,845.70. The basis for such valuation is Debtor's Schedule A, which is attached hereto as **EXHIBIT J**. The Debtor claimed exemption in Schedule C on the property in the amount of $22,975.00.  *See* Ex. J.

32.     The amount of the next monthly payment of the Debtor under the terms of the Note and Mortgage is $1,402.47and will come due on July 1, 2022.

33.     In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with this Motion, Movant has incurred $850.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and other applicable law.

**II.**      **ARGUMENT**

**B.**      **Legal Standard**

34.     11 U.S.C. § 362(d) permits a secured creditor to request relief from the stay imposed under subsection (a) of that provision, and provides, in relevant part, that such relief shall be granted (i) "for cause,", *see* § 362(d)(1), or (ii) where the debtor's petition was filed as "part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings

13-1756

affecting such real property." *See* § 3624)(B).

35.     Movant is entitled to relief under each of these provisions based on Debtor's successive bankruptcy filings, the number of missed payments, and her inability to show any reasonable possibility of a successful Chapter 13 plan.

**C.**     **Movant is Entitled to Relief Under §§ 362(d)(1)**

36.     Movant is entitled to relief under 11 U.S.C. § 361(d)(1) based on the extent of Debtor's arrearage under the Note, as well as her serial bankruptcy filings and demonstrated inability to present a viable Chapter 13 plan.

37.     11 U.S.C. § 362(d)(1) provides that courts shall grant relief "for cause, including the lack of adequate protection of an interest in property of such party in interest."

38.     Courts have broad discretion in determining whether "cause" exists to support relief from the stay, which they review under "a totality of the circumstances test based upon the particular facts of the case." *See Rushmore Loan Management Services, LLC v. Kohar (In re Kohar)*, 525 B.R. 248, 257 (Bankr. W.D. Pa. 2015); *Woodward v. U.S. Bank*, Bankr. No. 17-16163-MDC, at *15 (Bankr. E.D. Pa. July 21, 2020) (citations omitted).

39.     Notably, courts in this District have found "egregious non-payment of a mortgage [can itself be] sufficient . . . to grant stay relief for cause." *See Woodward*, Bankr. No. 17-16163-MDC, at *16-17 (citing *In re Kessler*, 76 B.R. 434, 438 (Bankr. E.D. Pa. 1987) ("if a debtor has failed to make payments to his mortgagee, and is unable to articulate any particular circumstances which render the mortgagee adequately protected in spite of this fact, then relief from the automatic stay should follow . . . the fact of non-payment alone, without *more* on the record, *will* generally result in our granting a motion for relief from the stay." (emphasis in original)).

40.     Courts have also found cause to exist based on "the long time period that . . . elapsed

7

13-1756

with no meaningful payment on the Mortgage debt . . . , [debtors'] abusive use of the bankruptcy process and lack of good faith efforts . . . and the lack of adequate protection for . . . the holder of the Mortgage." *In re Kohar*, 525 B.R. at 257.

41.     Here, cause exists under § 362(d)(1) because, *inter alia*, Debtor is currently 48 payments in arrears under the Note, which remains contractually obligated for the June 1, 2018, payment, and as Debtor has filed at least five bankruptcy petitions since entry of the Foreclosure Judgment. See *id.*

**D.     Movant is Entitled to In Rem Relief Under § 362(d)(4)(B)**

42.     In rem relief is appropriate where a bankruptcy filing was (1) "part of a scheme" (2) "to delay, hinder, or defraud creditors" (3) "that involved ... multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B).

43.     Courts have found relief under this provision to be warranted based on "1) strategic filing of bankruptcy petitions to prevent collection;" . . . (2) successive filings which no "evidence of changed circumstances between filings," and (3) the debtor's "inability to fund a plan." *Mazza v. Bank of N.Y. Mellon (In re Mazza)*, Civ. Act. No. 14-cv-6423, at *9-10 (E.D. Pa. Sep. 30, 2015) (quoting *In re Henderson*, 395 B.R. 893, 901 (Bankr. D.S.C. 2008); *also citing In re Hamer*, No. 00-1180, 2000 U.S. Dist. LEXIS 12341, at *29 (E.D. Pa. Aug. 17, 2000) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.')).

44.     Here, bad faith is evident based on the fact that, besides the petition initiating her Fourth Bankruptcy Case, each of Debtor's bankruptcy petitions were filed after she was served with notice of the scheduled sheriff's sale, and were clearly filed with the intent of preventing the

13-1756

scheduled sales– with the first three petitions filed within ten days of the scheduled sale date, as noted below:

| Petition Date | Scheduled Sale Date | Days Before Sale |
|---|---|---|
| 01/25/2016 | 01/27/2016 | 2 |
| 02/15/2017 | 02/25/2017 | 10 |
| 01/26/2018 | 01/31/2018 | 5 |

*See supra* ¶¶ 10-28.

45.    Accordingly, Movant is entitled to in rem relief under § 362(d)(4)(B) because each of Debtor's Bankruptcies, including the case *sub judice*, was filed for the purpose of preventing the scheduled sheriff's sales.  *See In re Mazza*, *supra* at *10-11 (The bankruptcy petitions were timed strategically to stay upcoming trial dates in the state foreclosure matter and are therefore evidence of Debtor's scheme to delay or hinder the Bank.") (citing *In re Blair*, No. 09-76150, 2009 Bankr. LEXIS 4195, at *12-13 (Bankr. E.D.N.Y. Dec. 21, 2009) (holding that "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors")); *see also In re Gray*, Civ. Act. No. 13-2037, at *9-10 (E.D. Pa. Sep. 17, 2013) (finding relief appropriate under § (d)(4)(B) where the debtor "ha[d] filed at least five bankruptcies," the last of which was filed more than two years ago . . [and resulted in] an order requiring [debtor] to request leave before filing any further bankruptcy petitions.").

46.    Moreover, in rem relief is warranted to prevent Debtor from engaging in further abusive filings, and to ensure that no other bankruptcy filings (by Debtor or any other party) will impose a stay on the subject Property. *See In re Privitera*, No. 03-14601DWS, 2003 WL 21460027, at *4 (Bankr. E.D. Pa. June 12, 2003).

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

13-1756

1.   Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the property.

2.   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.   That the 14 day stay under Fed. R. Bankr. P. 4001(a)(3) be waived.

4.   For such other relief as the Court deems proper.

5.   Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

Respectfully Submitted,

POWERS KIRN, LLC

Dated:  06/30/2022

/s/ Jill-Manuel-Coughlin, Esquire
Jill Manuel-Coughlin, Esquire, ID No. 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
215-942-2090 phone; 215-942-8661 fax
jill@pkjllc.com
Attorney for Movant

13-1756